## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA
## OKLAHOMA CITY DIVISION

| | |
|---|---|
| **BEAU STODDART, Individually and on Behalf of Others Similarly Situated** | **CASE NO:** ___CIV-22-725-SLP___ |
| **v.** | **JURY TRIAL DEMANDED** |
| **DEVON ENERGY PRODUCTION COMPANY, L.P.** | **FLSA COLLECTIVE ACTION** |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY

1.      Plaintiff Beau Stoddart (Stoddart) brings this lawsuit to recover unpaid overtime wages and other damages from Devon Energy Production Company, L.P. (Devon) under the Fair Labor Standards Act (FLSA). See 29 U.S.C. § 201 *et seq.*

2.      Devon Energy Production Company, L.P. (Devon) did not pay their employees overtime as required by the Fair Labor Standards Act (FLSA).

3.      Instead of paying overtime, the Defendant paid their employees, including Stoddart, a set "day rate" for each day worked regardless of the total number of hours worked in a week.

4.      Defendant's day rate plans violate the FLSA because employees paid on a day rate basis are still owed overtime for hours worked in excess of 40 in a week. *See, e.g., Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1268 (10th Cir. 2011).

### JURISDICTION AND VENUE

5.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under a federal statute. 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant 28 U.S.C. § 1391(b)(1) because Devon is headquartered in this district and division and pursuant to 28 U.S.C. § 1391(b)(2) because Devon conducts substantial business in this district and division.

## PARTIES

7. Stoddart worked as a Completions Inspector for Devon from May of 2014 until July of 2020.

8. Throughout his employment, Defendant paid Stoddart a day rate for each day worked with no overtime compensation regardless of hours worked.

9. Stoddart's consent to be a party plaintiff is attached as Exhibit 1.

10. Stoddart brings this action on behalf of himself and all other Defendants' employees who were paid according to Defendant's day rate scheme. These oilfield workers were paid a flat amount for each day worked for Devon and failed to receive overtime for all hours that they worked in excess of 40 hours in a workweek in violation of the FLSA.

11. The class of similarly situated employees (the "Day Rate Workers") consist of:

**All workers, employed by or working on behalf of, Devon Energy that were paid a day-rate with no overtime at any time within the past three (3) years.**

12. Devon is an Oklahoma limited partnership with its principal place of business in Oklahoma City, Oklahoma.

13. Devon may be served with process by serving its registered agent for service of process: The Corporation Company, 1833 S. Morgan Rd., Oklahoma City, Oklahoma 73128.

## FLSA COVERAGE

14.     For at least the past 3 years, Defendants, individually and/or collectively, have been an employer and/or joint employer within the meaning of section 3(d) of the FLSA. 29 U.S.C. § 203(d).

15.     For at least the past 3 years, Defendants, individually and/or collectively, have been part of an enterprise within the meaning of section 3(r) of the FLSA. 29 U.S.C. § 203(r).

16.     For at least the past 3 years, Defendants, individually and/or collectively, have been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

17.     Defendants, individually and/or collectively, have and have had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (*e.g.*, including computer hardware and software, smart devices, tools, office equipment, etc.) that have been moved in or produced for commerce.

18.     Further, Defendant's annual gross volume of sales exceeded $1,000,000 in each of the past 3 years.

19.     Stoddart and the Day Rate Workers are/were employees engaged in commerce or in the production of goods for commerce or are/were employees who employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

20.     Although Defendant labelled Stoddart as an independent contractor, as a matter of economic reality Stoddart was, in fact, an employee of Devon.

## FACTS

21.    Devon "is a leading independent oil and natural gas exploration and production company" with its operations "focused onshore in the United States."[1]

22.    Stoddart and the Day Rate Workers are among the individuals who perform Defendants' work.

23.    Defendant paid all their Day Rate Workers a flat sum for each day worked regardless of the number of hours worked that workweek.

24.    Defendant did not pay their Day Rate Workers any overtime for hours worked in excess of 40 in a workweek.

25.    Stoddart worked for Defendant as a Completions Inspector from approximately November 2014 to approximately June 2020, primarily in the Gillette, Wyoming area.

26.    Stoddart interviewed with and was approved for hire by Devon.

27.    Stoddart worked on Devon wellsite's planning, executing, and overseeing the completion operations.

28.    While on a wellsite Stoddart took all of his direction from, and was directly supervised by, Devon personnel including the Devon completions foreman.

29.    Stoddart worked hitches of 2 weeks on, 2 weeks off.

30.    During a hitch Stoddart worked 12-hour shifts, 7 days a week.

---

[1] https://www.devonenergy.com/about-us (last visited 08/10/22)

31.     While on a hitch at the wellsite Stoddart lived in rented houses or hotels close to the wellsite.

32.     Defendant records reflect the location(s) Stoddart worked each day and week.

33.     Defendants paid Stoddart a flat day rate for each 12-hour shift.

34.     Defendant also paid Stoddart other sums such as daily per diems, daily car allowances, and a mileage reimbursement.

35.     Defendant employed Stoddart within the meaning of the FLSA.

36.     Beyond on-the-job training and experience, Stoddart did not possess or utilize any unique or specialized skillset in performing his job duties.

37.     Defendant required Stoddart to adhere to their practices, policies, and procedures.

38.     Defendant did not require any substantial investment by Stoddart in order to perform his work.

39.     Defendant controlled Stoddart's opportunities for profit and loss by dictating the days and hours he worked and his pay rates.

40.     Defendant controlled all the significant and meaningful aspects of the job duties Stoddart performed.

41.     Defendant exercised control over the hours and locations Stoddart worked and the tools and equipment he used.

42.     Defendant made large capital investments in buildings, machines, equipment, tools, and supplied the business enterprise in which Stoddart worked.

43.     Stoddart did not incur operating expenses like rent, payroll, and marketing.

44.    Stoddart was, as a matter of economic reality, dependent on Defendant to perform his job and to make a living.

45.    Although he often worked more than 80 hours per workweek, Defendant never paid Stoddart any overtime.

46.    The Day Rate Workers all performed duties like those Stoddart performed.

47.    The Day Rate Workers worked similar hours and were denied overtime as a result of the same illegal pay practice.

48.    The Day Rate Workers all regularly worked in excess of 40 hours each week and were scheduled for 12-hour shifts for weeks at a time.

49.    Instead of paying them overtime Defendant paid the Day Rate Workers a flat rate for each 12-hour shift.

50.    Like Stoddart, Defendant paid the Day Rate Workers other sums such as daily per diems, daily car allowances, and a mileage reimbursement.

51.    Defendant failed to pay the Day Rate Workers overtime for hours worked in excess of 40 in a workweek.

## FLSA VIOLATIONS

52.    Defendant day rate plans violate the FLSA because Stoddart and the Day Rate Workers did not receive overtime for hours worked over 40 in a week.

53.    Defendant knew, or showed reckless disregard for whether, their day rate plans violated the FLSA.

54.    Defendant's failure to pay overtime compensation to Stoddart and the Day Rate Workers was not based on any reasonable interpretation of the law.

55.    Nor was Defendant's decision not to pay overtime made in good faith.

56.    Accordingly, Stoddart and the Day Rate Workers are entitled to recover their unpaid overtime under the FLSA, liquidated damages, attorneys' fees, and costs.

**COLLECTIVE ACTION ALLEGATIONS**

57.    Numerous employees have been denied overtime by Defendant's day rate scheme.

58.    From his observations and experience at Defendant, Stoddart is aware that the illegal practices or policies of Defendant have been imposed on the Day Rate Workers.

59.    The Day Rate Workers all received a flat rate for each day worked, regularly worked in excess of 40 hours per week, and were not paid overtime compensation.

60.    These employees are similarly situated to Stoddart in terms of *relevant* job duties, pay provisions, and employment practices.

61.    Defendants' failure to pay overtime as required by the FLSA results from generally applicable, systematic pay plans that are not dependent on the personal circumstances of the Day Rate Workers.

62.    Thus, Stoddart's experiences are typical of the experiences of the Day Rate Workers.

63.    The specific job titles or precise job locations of the various Day Rate Workers do not prevent collective treatment.

64.    All Day Rate Workers, regardless of their precise job requirements or rates of pay, are entitled to overtime for hours worked in excess of 40 in a week.

## JURY DEMAND

65.     Stoddart demands a trial by jury.

## RELIEF SOUGHT

66.     Wherefore, Stoddart prays for:

    a.   An order allowing this action to proceed as a collective action and directing notice to the other Day Rate Workers;

    b.   Judgment finding Defendant in violation of the FLSA;

    c.   Judgment finding Defendant liable to Stoddart and the Day Rate Workers for unpaid overtime, and an equal amount of liquidated damages;

    d.   Judgment awarding Stoddart and the Day Rate Workers reasonable attorney's fees and costs of this action;

    e.   Judgment awarding Stoddart and the Day Rate Workers pre- and post-judgment interest at the highest rates allowed by law; and

    f.   Such other and further relief as may be necessary and appropriate.


             Respectfully submitted,

             By: */s/ Michael A. Josephson*
             **Michael A. Josephson**
             Texas Bar No. 24014780
             **Andrew W. Dunlap**
             Texas Bar No. 24078444
             **Taylor S. Montgomery**
             Texas Bar No. 24106326
             **JOSEPHSON DUNLAP LLP**
             11 Greenway Plaza, Suite 3050
             Houston, Texas 77046
             713-352-1100 – Telephone
             713-352-3300 – Facsimile
             mjosephson@mybackwages.com
             adunlap@mybackwages.com
             tmontgomery@mybackwages.com
             **AND**

             **Richard J. (Rex) Burch**
             Texas Bar No. 24001807

**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**